[618 NYS2d 829]

In the Matter of FRANK T. D'ONOFRIO, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, November 14, 1994

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Maryann Yanarella* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

Per Curiam.

In this proceeding, the respondent was served with a petition containing six charges of professional misconduct against him. The Special Referee sustained all six charges. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to disaffirm the findings of the Special Referee and to dismiss the charges.

Charge One alleged that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]). The respondent was retained to settle an estate by the two surviving sons and coexecutors of the decedent. The decedent died on or about July 28, 1987. The assets of the estate consisted of a house and bank accounts. Letters Testamentary were not issued until August 1988.

The respondent failed to timely file the inventory of estate assets. On October 13, 1989, the Surrogate issued an order suspending the Letters Testamentary (issued to the executor) for 45 days. The order indicated that should the inventory not be filed within the specified time, the letters could be revoked without further notice. The Surrogate's Court received the inventory of estate assets on or about December 28, 1989.

The respondent did not file the New York State estate tax return until December 1989. Consequently, the estate incurred penalties and interest for late filing.

The house, which was an asset of the estate, was transferred to the executor and his wife in September 1990. The respondent failed to provide a copy of the deed and closing statement until July 1991.

The respondent appeared at the Grievance Committee's offices on or about January 29, 1991, to testify under oath. At that time, the respondent testified that this estate matter could be completed shortly and that all that remained was to file the 1990 fiduciary income tax return, to prepare the closing statement on the sale of the house, and to complete the accounting for which the respondent had most of the information. The respondent did not complete the preparation of these documents until July 1991. A fee dispute thereafter arose between the respondent and the coexecutor due, in part,

to the respondent's failure to complete the matter in a timely manner.

Charge Two alleged that the respondent engaged in conduct which adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (former [7]) (22 NYCRR 1200.3 [a] [8]). By letter dated February 7, 1992, the petitioner issued a Letter of Admonition to the respondent regarding his handling of the estate conditioned upon his completion of the matter within 60 days, including submission of proof of completion to the Grievance Committee. By letter dated March 26, 1992, sent via certified mail, return receipt requested, the Grievance Committee requested that the respondent provide proof of his completion of the matter no later than April 10, 1992. Upon information and belief, the respondent failed to complete the matter within the 60-day period. The respondent failed to submit proof of completion by April 10, 1992.

Charge Three alleged that the respondent failed to cooperate with the petitioner's investigation. On or about June 26, 1991, the petitioner sent the respondent a copy of the complaint by another client with a letter requesting that he submit an answer to the complaint within 10 days of receipt. The letter informed the respondent that an unexcused failure to reply to the complaint constitutes professional misconduct independent of the merits of the complaint. The respondent failed to submit an answer within 10 days.

The petitioner sent the respondent a second letter, by certified mail, return receipt requested, on August 5, 1991, requesting an answer to the complaint within 10 days. The letter again advised the respondent that an unexcused failure to reply constitutes professional misconduct irrespective of the merits of the complaint. The return receipt is dated August 6, 1991. Although the respondent failed to submit an answer within 10 days, he did submit an answer dated August 27, 1991.

By letter dated June 10, 1992, sent via certified mail, return receipt requested, the Grievance Committee directed the respondent to submit, within 10 days, bank records regarding any deposits and disbursements made on behalf of the client. The return receipt is dated June 11, 1992. The respondent failed to submit the requested bank records.

The respondent requested time to complete a review of all files relating to the complaint for the purpose of resolving the

situation with his client directly. By letter dated June 26, 1992, the Grievance Committee informed the respondent that his letter was not a satisfactory response to the request of June 10, 1992.

Charge Four alleged that the respondent failed to produce the financial records required to be maintained by Code of Professional Responsibility DR 9-102 (D) (22 NYCRR 1200.46 [d]) in response to a request for such records. This violated Code of Professional Responsibility DR 9-102 (H) (22 NYCRR 1200.46 [h]).

Charge Five alleged that the respondent was guilty of conduct adversely reflecting on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (former [7]) (22 NYCRR 1200.3 [a] [8]). In another unrelated estate matter, the will provided that the testatrix's children share equally in her estate. The testatrix died on or about March 9, 1991, and Letters Testamentary were issued to her daughter on or about June 18, 1991.

In or about November 1991, the daughter substituted the respondent for Wayne Stix, Esq., as attorney for the estate. The attorney for the testatrix's son requested information concerning the estate which the respondent failed to provide. In or about May 1992, the testatrix's son filed a petition with the Surrogate's Court to compel the executrix to account in this estate.

Charge Six alleged that the respondent failed to cooperate with the petitioner's investigation. On or about April 15, 1992, the Grievance Committee sent the respondent a copy of the complaint of the testatrix's son with a letter requesting that he submit an answer within 10 days. The Grievance Committee advised that an unexcused failure to reply constitutes professional misconduct independent of the merits of the complaint. By letter dated May 13, 1992, the respondent submitted a purported answer to the complaint.

By letter dated May 26, 1992, sent via certified mail, return receipt requested, the respondent was informed that his answer to the complaint did not address the allegations. The Grievance Committee requested that the respondent submit a supplemental answer, together with specified documents, within 10 days of receipt. The letter advised that failure to submit the supplemental answer constitutes professional misconduct independent of the underlying complaint. The return receipt is dated May 27, 1992.

The respondent failed to submit the supplemental answer and specified documents within 10 days.

By letter dated June 15, 1992, the respondent acknowledged receipt of the Grievance Committee's May 26 letter. The letter stated that the executrix was disturbed at the requests in that letter inasmuch as the information sought amounted to an accounting.

By letter dated June 16, 1992, sent by facsimile transmission, the Grievance Committee informed the respondent that his letter of June 15, 1992 was not a satisfactory answer. The respondent was directed to submit the requested information no later than June 19, 1992. The respondent failed to submit the requested information by June 19, 1992.

By letter dated June 23, 1992, the respondent requested a delay in submitting the requested information until the executrix returned from vacation. The Grievance Committee, by letter dated June 26, 1992, again informed the respondent that he had not provided a satisfactory response to the request for a supplemental answer and specified documents.

After reviewing all of the evidence adduced, we conclude that the Special Referee properly sustained all six charges of professional misconduct. The respondent is guilty of the misconduct charged. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm and dismiss the charges is denied.

In determining an appropriate measure of discipline to impose, we have considered the character evidence submitted by the respondent, his voluntary reduction of his fee to cover penalties and interest due to late filing, and the absence of any illegal profit to the respondent from these transactions. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, SULLIVAN, BALLETTA and SANTUCCI, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied; and it is further,

Ordered that Frank T. D'Onofrio, Jr. is hereby censured for his professional misconduct.